**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MITCHELL BENJI CUBAS CAMPOS,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN DELANEY HALL DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-9480 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Mitchell Benji Cubas Campos, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Peru. (*Id.* ¶ 1). He entered the United States on or about June 9, 2024 with a tourist visa. (*Id.* ¶ 2). Petitioner was detained by ICE on July 22, 2026. (*Id.* ¶ 3). This Petition followed on July 28, 2026. (ECF No. 1).

3. Respondents filed an answer on August 3, 2026 arguing that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and that he had not requested a bond hearing until July 31, 2026. (ECF No. 6 at 1 & n.1).

4. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

6. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

7. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

8. "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

9. As Petitioner is eligible for a bond hearing, this Petition is premature.

10. Respondents have not indicated whether a hearing has been scheduled. As Petitioner is proceeding *pro se*, this Court will presume in an abundance of caution that one has not been scheduled and will order Respondents to conduct a hearing within 7 days.

11. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 7, 2026